# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **GEORGE SQUARE** | **CIVIL ACTION** |
| **VERSUS** | **NO. 20-0610** |
| **STATE OF LOUISIANA** | **SECTION "T"(4)** |

## <u>ORDER</u>

The Court, having considered the complaint, the record, the applicable law, the Report and Recommendation of the United States Magistrate Judge, and Petitioner's objection, hereby partially adopts the Report and Recommendation submitted by the Magistrate Judge.[1] The Court dismisses Petitioner's claim but does so without prejudice because dismissal is not predicated on the merits.

Petitioner was convicted and sentenced in the Western District of Louisiana and is currently incarcerated in the Middle District of Louisiana. Those Districts have jurisdiction over this § 2254 petition under 28 U.S.C. § 2241(d), but the Eastern District does not. Accordingly, this Court cannot transfer this case back to one of those Districts. *Accord Lee v. Wetzel*, 244 F.3d 370, 373-74 (5th Cir. 2001) (a court does not have discretion to transfer a habeas petition over which it lacks jurisdiction).

Petitioner objects to the Report and Recommendation on two grounds, only one of which warrants discussion here.[2] Petitioner avers that the Western District of Louisiana erroneously transferred his writ to the Eastern District of Louisiana, and thus argues that the Court should reject the Magistrate's recommendation dismissing his appeal with prejudice presumably so that he may continue litigation elsewhere. The Court finds this argument tenable, because although the Court

---

[1] R. Doc. 5.
[2] R. Doc. 6.

agrees that it lacks authority to hear or transfer the petition, Petitioner may pursue his writ in the proper venue should the Court dismiss this case solely on jurisdictional grounds without prejudice. However, as noted by the Magistrate, Petitioner should note additional jurisdictional issues he may face in those districts considering the time limitations applicable to his claim.[3]

Accordingly, **IT IS ORDERED** that Petitioner's claim for habeas corpus relief under § 2254 be **DISMISSED WITHOUT PREJUDICE** on the basis of improper venue and lack of subject matter jurisdiction.

New Orleans, Louisiana, this __16th__ day of July, 2021.

**GREG GERARD GUIDRY**
**UNITED STATES DISTRICT JUDGE**

---

[3] *See* R. Doc. 5 at 2 n.1. ("Another jurisdictional issue exists because Square had a prior § 2254 habeas petition dismissed as time barred with prejudice in the Western District of Louisiana, and he has not indicated that he has obtained authorization from the United States Fifth Circuit to proceed with a second or successive petition in any federal district court. *See* 28 U.S.C. § 2244(b); *Square v. La. St. Penitentiary*, No. 2000CV2740, Rec. Doc. No. 8 (W.D. La. Jun. 19, 2001).").